# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **CHARLES LEE GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 07-MC-2029** |
| ) | |
| **ILLINOIS POWER COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

On April 23, 2007, Plaintiff, Charles Lee Green, filed a pro se Motion for Leave to File Complaint, Memorandum, Affidavit, and Supporting Documents (#1). Because of numerous previous filings by Green in this court, this court had entered an Opinion in an earlier case which barred Green "from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document." This court further ordered that "any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by Green pro se, must be accompanied by a memorandum of law in support of Green's claims." This court also stated that the "memorandum must include an affidavit certifying that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations."

On April 27, 2007, this court entered an Opinion (#2) which denied Green's Motion for Leave to File (#1). This court noted that Green's Memorandum of Law, which he attached to his Motion, was completely unhelpful and included no explanation as to how the various propositions of law and statements regarding various statutes related to the claims included in his proposed Complaint. This court also noted that many of them had no apparent connection to his claims at all.

This court also concluded that Green's affidavit fell short of the requirements this court clearly set out in its prior Opinion because it was rambling and, for the most part, did not address any of the requirements of this court's prior Opinion. Specifically, it did not certify "that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations."

On May 7, 2007, Green filed a pro se Motion for Leave of Court to File Amended Complaint, Memorandum, Affidavit and Supporting Documents (#3). Green attached an 10-page proposed Complaint, which included an allegation that the claims he was presenting "are new and have never been raised in any court and are not barred by statute of limitation." Green also attached a 15-page Memorandum of Law, which suffered from the same infirmities as the Memorandum of Law attached to his previous Motion for Leave. In addition, Green attached his notarized affidavit. This affidavit, like the affidavit attached to his previous Motion, was rambling and, for the most part, completely irrelevant to the claims included in his Complaint or any of the requirements of this court's prior Opinion. However, in the new affidavit, Green did state that the "claims I have presented are new and have never been raised in any court and are not barred by statute of limitation." Green attached to his affidavit a copy of the Notice of Right to Sue he received from the Equal Employment Opportunity Commission (EEOC) and a copy of the charge of discrimination he filed with the EEOC and the Illinois Department of Human Rights. Green's Complaint basically includes the allegations included in his charge of discrimination.

This court concludes that Green has still not entirely complied with this court's prior Opinion because his Memorandum and Affidavit are, for the most part, completely unhelpful and irrelevant to the claims in his proposed Complaint. However, this court notes that Green's Complaint does

appear to raise all new allegations, which were presented in his charge of discrimination. In addition, his affidavit has now included a certification that his claims are new, have never been raised in any court and are not barred by the statute of limitations. Accordingly, this court will now grant Green's Motion (#3).

IT IS THEREFORE ORDERED THAT:

(1) Green's Motion for Leave of Court to File Amended Complaint, Memorandum, Affidavit and Supporting Documents (#3) is GRANTED.

(2) After Green pays the required filing fee, the clerk is directed to open a civil case and file the documents attached to Green's Motion, including his proposed Complaint.

ENTERED this 23rd day of May, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE